STATE OF MAINE                    SUPERIOR COURT
KENNEBEC                                              DOCKET NO. CR-07-1053

<br>

STATE OF MAINE,

    Plaintiff

Vs.                                          ORDER ON MOTION TO
                                                   SUPPRESS

MATTHEW J. ANDERSON

    Defendant

<br>

The Defendant stands indicted for the Class C offense of operating under the influence. On Feb. 14, 2008, he filed a Motion to Suppress evidence obtained as a result of a "stop, search and seizure" of his vehicle on November 25, 2007 by Officer Todd Pillsbury of the Gardiner Police Department.

Hearing on this Motion was held on April 7, 2008. The State was represented by Assistant District Attorney Brad Grant, and the Defendant was represented by Attorney Sean Farris.

The Court has considered the testimony of Officer Pillsbury as well as the arguments of counsel, and makes the following findings.

Officer Pillsbury was on patrol in Gardiner on November 24 and 25, 2008, working the 10:00 pm to 6:00 am shift, in an unmarked Crown Victoria. His attention was drawn to a vehicle parked next to a business, the Gardiner Family Chiropractic office. He saw a pedestrian standing approximately 20 feet from the vehicle. He testified that he could not hear any conversation or exchange between the pedestrian and the driver of the motor vehicle, but testified that the pedestrian seemed "upset." He described the pedestrian as pointing toward the driver and moving or "waving" his arms. He testified that he did not know what was going on, but he slowed down to further

investigate. He stated that when he did, Officer Pillsbury stated that the vehicle moved forward, to which he responded by turning on his blue lights and stopping the vehicle.

At issue is whether these observations justify the Officer's detention of the Defendant, which led to the gathering of evidence and the filing of the criminal charge against him.

The State relies upon the case of *Terry v. Ohio,* 392 U.S. 1 (1968) and the case of *State v. Gulick,* 759 A.2 1085 (Me.2000) in support of its position that the detention was lawful. The State argues that given the time of day, the fact that Officer Pillsbury was aware of instances of "tagging" that had occurred in that general area on other occasions, as well as the Officer's testimony about the pedestrian waving his arms, the Defendant's detention was reasonable.

The State's argument seems to be that the Officer reasonably believed either that the Defendant was about to commit a criminal act by either tagging the building, or perhaps by assaulting or somehow endangering the pedestrian. Officer Pillsbury testified, however, that the agitated person did not seem to be in danger, and he also stated that he did not see the driver get out, or attempt to get out of the car. He also conceded that the brief operation of the vehicle that he saw before he turned on his blue lights was not imprudent. The only safety concern that he expressed was his concern for the building of the chiropractic practice.

The Defendant argues that the officer lacked objective justification for the detention, because of the above-described testimony, and because he believes that the concerns which the Law Court believed to justify the detention in *Gulick* are lacking here.

In *Gulick,* an Orono police officer saw a motor vehicle, at approximately 3:00 am, pull into the parking lot of an emergency medical facility that is open only during the day, and stop. Believing that the driver might be looking for emergency medical assistance, the officer followed the car into the lot and parked about ten feet behind the vehicle. The officer, however, did not activate his lights or block the vehicle from exiting the lot. He simply approached the driver, asked him if everything was okay, and asked for identification. When the driver responded by saying he did not have a license with him, a check on his license status revealed that it was under suspension.

The Court in *Gulick* found that the Defendant was not "seized" within the meaning of the Fourth Amendment (or Article 1 Section 5 of the Maine Constitution) simply because the officer approached the car to see if the occupants needed medical attention. However, it found that when the officer followed up by having the Defendant wait in the car while his license status was checked, a seizure, or "brief intrusion" occurred, which the Court found to be reasonable. Citing its decision in *State v. Pinkham,* 565 A. 2d 318 (Me. 1989), the Court in *Gulick* found justification in "the officer's legitimate role as a public servant to assist those in distress and to maintain and foster public safety." *Pinkham,* at 319.

While the State's attorney has argued that the officer's detention of the Defendant is justified under either *Terry* or *Gulick,* the Officer's testimony does not support the State's position. While the Court does not fault Officer Pillsbury for watching or observing the citizens the two citizens in the parking lot, the constitutional issue is whether he had a "clearly articulated and objectively reasonable" justification for the Defendant's detention. *Gulick, at 1089.*

There is no issue in this case as to whether the Defendant was "seized" for constitutional purposes. Putting on blue lights to stop a vehicle, "or otherwise effecting a show of force," clearly constitute a detention under Maine law. *Id. At 1089.* The issue here is one of constitutional justification.

The Court finds that the Officer could not clearly articulate an objectively reasonable concern for the safety of either citizen involved, the pedestrian or the driver. He could not clearly articulate an objectively reasonable suspicion that the driver, the citizen here detained, was engaged in criminal activity such as tagging or assault, the two possibilities urged by the State. He could not clearly articulate an objectively reasonable suspicion that the Defendant had committed a traffic infraction. The Court cannot find, on this record, constitutional justification for the Defendant's seizure by Officer Pillsbury.

The Defendant's Motion to suppress dated February 14, 2008 is therefore GRANTED.

_____4/17/08_____
DATE

_____
SUPERIOR COURT JUSTICE

STATE OF MAINE
  vs
MATTHEW J ANDERSON
P O BOX 145
SOUTH GARDINER ME 04359

DOB: 06/06/1985
Attorney: SEAN FARRIS
        FARRIS LAW, P.A.
        251 WATER STREET
        PO BOX 120
        GARDINER ME 04345-0120
        RETAINED 02/19/2008

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2007-01053

**DOCKET RECORD**

State's Attorney: EVERT FOWLE

## Charge(s)

**1   OPERATING UNDER THE INFLUENCE-2 PRIORS      11/25/2007 GARDINER**
**Seq 11170 29-A  2411(1-A)(B)(2)       Class C**
  **PILSBURY            / GAR**

## Docket Events:

11/26/2007 FILING DOCUMENT -  CASH BAIL BOND FILED ON 11/25/2007

11/26/2007 Charge(s): 1
        HEARING -  INITIAL APPEARANCE SCHEDULED FOR 01/08/2008 @ 8:00

        NOTICE TO PARTIES/COUNSEL
11/26/2007 BAIL BOND - $1,000.00 CASH BAIL BOND FILED ON 11/25/2007

        Bail Receipt Type: CR
        Bail Amt:  $1,000
                         Receipt Type: CK
        Date Bailed: 11/25/2007    Prvdr Name: MATTHEW   ANDERSON
                            Rtrn Name: MATTHEW   ANDERSON

12/26/2007 Charge(s): 1
        SUPPLEMENTAL FILING -  COMPLAINT FILED ON 12/26/2007

01/08/2008 Charge(s): 1
        HEARING -  INITIAL APPEARANCE HELD ON 01/08/2008
        JOHN  NIVISON , JUSTICE
        Defendant Present in Court
01/08/2008 Charge(s): 1
        HEARING -  STATUS CONFERENCE SCHEDULED FOR 03/11/2008 @ 10:00

01/08/2008 Charge(s): 1
        HEARING -  STATUS CONFERENCE NOTICE SENT ON 01/08/2008

01/31/2008 Charge(s): 1
        SUPPLEMENTAL FILING -  INDICTMENT FILED ON 01/30/2008

01/31/2008 Charge(s): 1
        HEARING -  STATUS CONFERENCE NOT HELD ON 01/31/2008

Printed on: 04/17/2008

01/31/2008 Charge(s): 1
          HEARING -  ARRAIGNMENT SCHEDULED FOR 02/12/2008 @ 8:30

01/31/2008 Charge(s): 1
          SUMMONS/SERVICE -  SUMMONS TO APPEAR FOR ARRAIGN ISSUED FOR 01/31/2008

02/12/2008 Charge(s): 1
          HEARING -  ARRAIGNMENT HELD ON 02/12/2008
          JOSEPH M JABAR , JUSTICE
          Reporter: JANETTE COOK
          Defendant Present in Court

          READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
          DEFENDANT.  21 DAYS TO FILE MOTIONS
02/12/2008 Charge(s): 1
          PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 02/12/2008

02/19/2008 MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 02/19/2008

          Attorney:  SEAN FARRIS
02/20/2008 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 04/07/2008 @ 8:30

          NOTICE  TO PARTIES/COUNSEL
03/04/2008 Party(s):  MATTHEW J ANDERSON
          ATTORNEY -  RETAINED ENTERED ON 02/19/2008

          Attorney:  SEAN FARRIS
04/17/2008 HEARING -  MOTION TO SUPPRESS HELD ON 04/07/2008
          M MICHAELA MURPHY , JUSTICE
          Reporter: JANETTE COOK
          Defendant Present in Court
04/17/2008 MOTION -  MOTION TO SUPPRESS UNDER ADVISEMENT ON 04/07/2008

04/17/2008 MOTION -  MOTION TO SUPPRESS GRANTED ON 04/17/2008

          COPY TO PARTIES/COUNSEL
04/17/2008 Charge(s): 1
          TRIAL -  DOCKET CALL SCHEDULED FOR 06/02/2008


A TRUE COPY
ATTEST: _____
                    Clerk